JOHN MORRELL & COMPANY, Respondent, v.

WILDER, Appellant

(36 N. W.2d 390.)

(File No. 9006. Opinion filed February 28, 1949)

Sigurd Anderson, Atty. Gen., and Benj. D. Mintener, Asst. Atty. Gen., for Appellant.

Boyce, Warren, Murphy & McDowell, of Sioux Falls, for Respondent.

ROBERTS, J.   John Morrell & Company appealed to the circuit court of Minnehaha county from an additional assessment of income taxes made by the director of taxation. From a judgment of that court annulling and setting aside the additional assessment, the director appeals.

The taxpayer by and with the consent of the director made its tax returns on the basis of a fiscal year ending October 30 each year in stead of that of the calendar year. Respondent paid the tax disclosed by its return to be due for the fiscal year ending October 30, 1942.   In repealing the section of the income tax statute fixing the rates as which income was taxable (Chap. 295, Laws 1943), the legislature made the repeal effective as of December 31, · 1942.   Respondent made a tax return for the period between the close of its last fiscal year and the effective date of the repeal, and paid a tax of $3,658.07. The director of taxation assessed an additional tax of $1,169.95 together with statutory penalty and interest.

The director does not here contest the amount of the tax base.   It appears from the stipulation of facts upon which the case was submitted to the trial court that the controversy here involved hinges upon the method of computation of the tax.   The stipulation recites:

"Within the time provided by law John Morrell and Company determined the total income for the tax year October 31, 1942, to October 30, 1943, then determined the

income for November-December 1942 by dividing the entire tax year income by twelve (Number of months in the year) and multiplying by two (the number of months income tax had not been paid to South Dakota, being November and December 1942). The tax calculated on the income for the two months under the rates adopted by Chapter 344 Session Laws of 1941, the return made, and the tax paid.

"The return showed income apportionable to the State of South Dakota, in the sum of $516,968.31. $\frac{2}{12}$ of this total equalled $86,161.38.

"Computation of Tax:

| | |
|---|---|
| $3000 at 1% _____ | $ 30.00 |
| $4000 at 2% _____ | 80.00 |
| 8000 at 3% _____ | 240.00 |
| 25000 at 4% _____ | 1,000.00 |
| 46161.38 at 5% _____ | 2,308.07 |
| | $3,658.07" |

"In arriving at the amount of additional assessment contended for by the then Tax Director he took the figures as shown by John Morrell and Company income tax return as being correct so far as total income apportionable to South Dakota was concerned, in the sum of $516,968.31 and computed tax on that amount * * * in the following manner:

| | |
|---|---|
| "$3000 at 1% _____ | $ 30.00 |
| 4000 at 2% _____ | 80.00 |
| 8000 at 3% _____ | 240.00 |
| 25000 at 4% _____ | 1000.00 |
| 100000 at 5% _____ | 5000.00 |
| 376968.31 at 6% _____ | 22618.10 |
| | $28968.10 |
| $\frac{2}{12}$th of tax _____ | 4828.02 |
| Tax paid _____ | 3568.07 |
| | $1169.95 |
| State Penalty _____ | 58.50 |
| State Interest _____ | 140.39 |
| | "$1368.84" |

Under the provisions of SDC 57.2601, the term "tax year" is defined as the calendar year, or the fiscal year during such calendar year, upon the basis of which net income is computed. "Fiscal year" means an accounting period of twelve months, ending on the last day of any month other than December. It is provided in SDC 57. 2705 that "A taxpayer may, with the approval of the Director of Taxation, and under such regulations as he may prescribe, change his income year from the fiscal year to the calendar year or otherwise, in which case his net income shall be computed upon the basis of such new tax year." The statute nowhere contains a provision for the computation of a tax where the accounting period has been changed, or in other cases where a return is required or permitted for a period less than a year. The director takes the position that income taxes were imposed on the basis of annual returns and that his computation was in accord with the legislative will and a purported regulation adopted by him reading as follows: "The tax imposed on a taxpayer for a period beginning in one calendar year (hereinafter called 'first calendar year') and ending in the following calendar year (hereinafter called 'second calendar year'), whenever the law applicable to the first calendar year is different from the law applicable to the second calendar year, shall be the sum of (1) that proportion of a tax for the entire period, computed under the law applicable to the first calendar year, which the portion of such period falling within the first calendar year is of the entire period, and (2) that proportion of a tax for the entire period, computed under the law applicable to the second calendar year, which the portion of such period falling within the second calendar year is of the entire period."

Respondent asserts that the regulation was never legally adopted. But assuming the existence of the regulation and that it was followed by the director, it is by no means conclusive. A ministerial officer may not, under the guise of a rule or regulation, vary or enlarge the term or conditions of a legislative enactment.

It is the contention of counsel that there is no difference in the application of the regulation where differ-

ent rates apply in a tax year and where there has been a repeal of rates of taxation during a fiscal year. It is plain that the statute made no distinction between the ordinary method prescribed for the compution of income tax for a full year and that where a return was made for a period of less than a year. The Federal Revenue Act (26 U. S. C. A. § 47) provides a formula for computing income tax in case a return is made for a period of less than a year on account of a change in the accounting period. The net income is "placed on an annual basis by multiplying the amount thereof by twelve and dividing by the number of months included in the period for which the separate return is made." The tax is computed "on such annual basis as the number of months in such period is of twelve months." 52 Stat. 475, § 47. It was said in Bankers' Trust Co. v. Bowers, 2 Cir., 295 F. 89, 31 A. L. R. 922, that this section applies only where the taxpayer has changed his accounting period and that where a return is made for other reason for a period of less than a year the section has no application and the tax in such instance is computed in the ordinary manner. There was as we have stated no statutory provision in effect when the return in question was filed prescribing an annual basis for the computation of income tax in case a return was made for a fractional part of a year. The tax was imposed upon net income for an accounting period and there was no authority vested in the director to prescribe a different basis for the purpose of computation.

Finding no error in the ruling of the court below, the judgment is affirmed.

All the Judges concur.