OKLAHOMA TAX COMMISSION v. DEN-
VER PRODUCING & REFINING CO.

No. 35162.

Supreme Court of Oklahoma.
Sept. 22, 1953.
Rehearing Denied Oct. 27, 1953.

R. F. Barry, W. F. Speakman, E. J. Armstrong, Oklahoma City, for plaintiff in error.

T. Dwight Williams, Stanley B. Catlett, Oklahoma City, for defendant in error.

WILLIAMS, Justice.

The parties are referred to herein as in the trial court.

A 1947 Act of the Legislature amending Section 876, Title 68, O.S.1941, reduced the tax rate on the net income of corporations from 6% to 4%. It was enacted February 10, 1947, but was made effective as of January 1, 1947. Plaintiff was in the oil and gas pipeline and refining business in Oklahoma. In April, 1947, plaintiff sold certain capital assets referred to as "West Edmond properties" for which it received about $3,000,000. It filed an income tax return for its fiscal year from August 1, 1946 to July 31, 1947, in which it computed the tax on its income as follows: 4% on income from sale of capital assets; 5/12ths of all other income at 6%; 7/12ths of all other income at 4%. The total income tax paid was $87,515.04.

Thereafter the Tax Commission made an additional assessment for the same period of $20,775.38, which plaintiff paid under protest and then sought to have refunded.

This is an appeal by the Oklahoma Tax Commission from a judgment of the District Court of Oklahoma County, allowing the Denver Producing and Refining Company a refund of state income taxes for such fiscal year, amounting to $15,873.78, permitting the taxpayer to pay upon the

basis of 6% for that income received in 1946 and 4% for that received in 1947.

The defendant argues that our statutes assess an income tax only on an annual basis, and that an annual return should show the net result of all transactions during the twelve months' period, whether the return is made on a calendar or fiscal year basis, and that one rate of tax should be applied to all income received during such year.

Section 14 of the 1947 Act, 68 O.S.1951 § 876 note, reducing the tax rate involved, reads as follows:

> "The provisions of this Act shall apply to all taxable income earned after December 31, 1946."

For the purpose of discussion only, it may be conceded that defendant's argument in the second preceding paragraph is true as a general statement of the law in some jurisdictions; however, it is not denied that the legislature has authority to provide for a tax based upon a period of less than 12 months, or based upon a tax year of more than one accounting period. The disagreement here is whether the legislature intended, by the 1947 Act involved, to so provide.

For reasons hereinafter set out, we hold that it did.

■ It is elementary law that, in construing statutes, the intention of the legislature shall govern.

■ With regard to tax laws, this court said in McGannon v. State ex rel. Trapp, 33 Okl. 145, 124 P. 1063, 1067:

> "In construing tax laws, that, where there is any ambiguity or doubt, it must be resolved in favor of the person upon whom it is sought to impose the burden."

The 1947 Act here under consideration amended section 876 of the then existing tax statute to read in part as follows:

> "A tax is hereby levied upon every person as defined in section 874, which tax shall be collected and paid, for each taxable year * * *."

It is evident that there is "doubt" in the 1947 Act as applied to the facts in this case because of the reference to "taxable year" in the section just quoted and the reference to "income earned after December 31, 1946" in section 14, quoted above. With regard to taxpayers making their income tax returns on a fiscal year basis, the question here is whether the legislature intended the expression "taxable year" to include a fiscal year ending in 1947 (after the tax rate had been reduced) or whether the section making the rate change applicable to all "income earned after December 31, 1946" contemplated two tax or accounting periods within the same twelve months' period.

The defendant herein contended for a method of computation substantially as follows: $\frac{5}{12}$ of the total income for the fiscal year to be taxed at 6%, $\frac{7}{12}$ to be taxed at 4%, or actually at an "effective rate" for the entire year of 4.833%.

It is evident that the result of such a method of computation is to "average" the tax rate without regard to whether or not the specific income was earned in 1946 or 1947. Under the rule contended for, in cases where the bulk of the fiscal year's income was earned in 1947, the taxpayer would be paying at the rate of 4.833% for income earned in 1947, despite the fact that by the positive provisions of the statute, the new rate (4%) is applicable to all "income earned after December 31, 1946."

■ Also, under such rule, there would be a discrimination against plaintiff and in favor of taxpayers making income tax returns upon a calendar year basis, who would be paying at the rate of 4% for income earned at the same time the bulk of plaintiff's income was earned. Such a method of computation would not satisfy the requirements of the following rule of law:

> "In construing ambiguous tax statutes the court should adopt that interpretation which lays the burden of the tax uniformly on all those similarly situated." Magnolia Pipe Line Co. v. Oklahoma Tax Commission, 196 Okl. 633, 167 P.2d 884, 885.

It is pointed out that in 1935, an income tax law was passed which changed the rates, and that included in such law was a

section setting up such a method of computation as is outlined in the third preceding paragraph for fiscal year taxpayers whose fiscal year began in 1934 and ended in 1935. However, such statute by its terms applied only to 1934 and 1935 taxes; and *no such section was included in the 1947 Act here under consideration.* We do not assume that the legislature "forgot" to include such a section in the 1947 Act, but construe such Act with regard to section 14 thereof, which states in plain terms that the new rate (4%) shall apply to "income earned after December 31, 1946."

■ We hold that it was the intention of the legislature to give relief in the amount of 2% to corporate taxpayers as of December 31, 1946, and that in order to accomplish the desired result, the legislature contemplated two tax or accounting periods for corporations paying on a fiscal year basis, for their fiscal years ending in 1947.

The judgment of the trial court is affirmed.

WELCH, CORN, DAVISON, ARNOLD, O'NEAL and BLACKBIRD, JJ., concur.

HALLEY, C. J., and JOHNSON, V. C. J., dissent.

HALLEY, Chief Justice (dissenting).

I cannot concur in the majority opinion. I agree that where a tax statute is ambiguous it should generally be construed in favor of the taxpayer but I do not believe that the facts before us warrant the application of that rule in this case. In Magnolia Pipe Line Co. v. Oklahoma Tax Commission, 196 Okl. 633, 167 P.2d 884, 885, cited by the taxpayer as sustaining the rule above stated, we find that in the third syllabus the following rule is also announced:

> "In construing ambiguous tax statutes it is the duty of the courts to ascertain and declare the intention of the Legislature, and the statute as thus construed must be applied uniformly to all taxpayers within its purview."

In the first syllabus it is announced that tax statutes will be construed most strongly against the state and in favor of the taxpayer but that rule "is inapplicable in a case where the question is which of two formulae the Legislature has made applicable to an industry, and the selection of either will operate to the advantage of some taxpayers and to the disadvantage of others."

It is a well established rule that tax statutes must be applied uniformly to all taxpayers subject to their terms. Under the holding of the majority opinion the plaintiff is granted the right to divide its taxable year into two distinct periods. The 1947 Act reduces the tax rate for corporations from 6% to 4% beginning January 1, 1947. Plaintiff had income from the sale of capital assets in 1947, after the statute reducing the rate became effective, and was permitted by the majority opinion to report all income from that source as earned in 1947 when the 4% rate was effective.

Let us assume that the other taxpayers having the same fiscal year, from July 31, 1946 to August 1, 1947, sold capital assets in 1946 and had to pay 6% for such income. It is readily seen that the corporation which sold capital assets in 1947 would gain a material advantage over the corporation which happened to sell its capital assets in 1946 while the 6% rate was in effect. Uniformity in the application of tax laws to all similarly situated would be destroyed.

Let us assume that each taxpayer included in the return for the fiscal year all income for the entire 12 months and paid on the average rate for the entire taxable year, which is 4.833. Each would be gaining the benefit of the reduction in rate and uniformity would prevail.

The 1947 Act provides that its provisions shall apply to all income earned after December 31, 1946. I do not agree that plaintiff's income from the sale of capital assets was earned in 1947. The record shows that many of the capital assets sold in 1947 were purchased several years prior thereto. The income from their sale was received or captured in 1947 but were not earned in that year.

The taxable year means a full 12 month period covered by the taxpayer's return. Sec. 876 (a), 68 O.S.1951, levies an income tax "for each taxable year". Sec. 874 (h) provides:

"(h) The term 'taxable year', as herein used, means the calendar year, or the fiscal year ending during such calendar year, upon the basis of which the net income is computed under this Act. 'Taxable year' includes, in the case of a return made for a fractional part of a year, the period for which such return is made. The term 'fiscal year', as herein used, means an accounting period of twelve months ending on the last day of any month other than December; * * *."

Sec. 893 (a) provided in part as follows:

"(a) The net income of any taxpayer subject to a tax imposed by this Act shall be computed upon the basis of the taxpayer's annual accounting period, fiscal year or calendar year as the case may be, in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; * * *."

In the case of Burnet v. Sanford & Brooks Co., 282 U.S. 359, 51 S.Ct. 150, 75 L.Ed. 383, it is held that an income tax is assessed on an annual return showing the net results of the taxpayer's transactions during a calendar year.

In Curtis v. Commissioner of Internal Revenue, 7 Cir., 183 F.2d 7, 10, 23 A.L.R.2d 427, it is stated that: "The federal income tax system is based on an annual accounting." There is nothing in the 1947 Act to indicate that the Legislature intended to create two tax reporting periods instead of one. This does not mean that under some circumstances one may not make a report for a lesser period than 12 months. Conditions may require such a report but not where the taxpayer continues to transact business for the entire year in the same capacity.

The rule announced in the majority opinion would discriminate against any corporation reporting on a fiscal year basis and selling capital assets in the 1946 portion of the fiscal year. It would give unfair advantage to those who sold capital assets in the 1947 period of their fiscal year. The only fair and uniform method is that contended for by the tax commission which would place all taxpayer's reporting on a fiscal year basis on equal terms because each would benefit from the 4% rate prevailing in 1947 by assessing all income for the taxable year at the average rate prevailing for the entire taxable year, which in this instance is 4.833%.

I have found no decision by this court on the exact issue here involved but the case of John Morrell & Co. v. Wilder, 72 S.D. 441, 36 N.W.2d 390, appears to be a case in point. There the taxpayer had elected to report his income on a fiscal year basis ending October 31, 1943. The South Dakota Legislature repealed the law levying the State income tax effective December 31, 1942. No provision was made for a method to be used by those reporting on a fiscal year basis. John Morrell & Co. made its return on the basis of income for its entire fiscal year and paid taxes on $\frac{2}{12}$ of its entire income for the fiscal year. The remaining $\frac{10}{12}$ was not taxed because of the repeal above mentioned. The taxpayer's return was disapproved by the Tax Director but the Supreme Court of South Dakota said that the method used by the taxpayer was correct. The bracket system was in effect in South Dakota and the rate increased as the income for the year placed the taxpayer in a higher bracket than that which would have prevailed had the return covered the income for the 12 months for which the tax was in effect. In the second syllabus the court said:

"Income tax for period between the close of taxpayer's preceding fiscal year and effective date of repeal of statute fixing rates at which income was taxable was properly computed by dividing total income for fiscal year by 12 and multiplying by number of months embraced in accounting period and computing the tax thereon and not by computing tax on income for entire fiscal year and then dividing such tax

by 12 and multiplying by number of months embraced in accounting period. SDC 57.2601, 57.2705; Laws 1953, c. 295."

While the foregoing decision is not binding upon this court, I think it is persuasive because this court has not yet passed upon the identical question here involved. I think the method adopted by the majority opinion violates the uniformity and the rule against discrimination in favor of the corporate taxpayer who sold capital assets in 1947 and against the corporate taxpayer who had the same fiscal year and may have sold capital assets in 1946 when the higher rate was in effect, and for the foregoing reasons I dissent.