**W. J. USERY, Jr., Secretary of Labor, Appellant,**

v.

**GODFREY BRAKE AND SUPPLY SERVICE, INC., Appellee.**

**No. 76–1247.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 24, 1976.

Decided Nov. 19, 1976.

---

Allen H. Sachsel, Appellate Sec., Civil Div., U. S. Dept. of Justice, Washington, D. C., for appellant; William J. Kilberg, Sol. of Labor, Benjamin W. Mintz, Associate Sol. for Occupational Safety & Health, Michael H. Levin, Appellate Litigation, Marc R. Hillson, Atty., U. S. Dept. of Labor, Washington, D. C., and Rex E. Lee, Asst. Atty. Gen., Washington, D. C., on brief.

Glen H. Johnson, Rapid City, S. D., for appellee; John E. Fitzgerald, Jr., Curtis S. Jensen, Rapid City, S. D., on brief.

Before BRIGHT, ROSS and WEBSTER, Circuit Judges.

ROSS, Circuit Judge.

In this case the Secretary of Labor appeals from an order of the district court which allowed an employer, Godfrey Brake and Supply Service, Inc., to condition an OSHA inspection of his work premises on the partial completion of a questionnaire submitted to the OSHA compliance officer. We reverse, finding that the statute will not permit the imposition of such a condition on the right to inspect.

Alex Salazar at the time in question was a compliance officer for the Occupational Health and Safety Administration, conducting inspections to detect employee health hazards in work places. See 29 U.S.C. § 651 *et seq.* On December 18, 1975, he sought to make an inspection of the Godfrey Brake and Supply Service, Inc. He testified that the purpose of this inspection was to check compliance with OSHA regulations and, primarily, to determine if the workers were being overexposed to asbestos. He presented his credentials, which identified him as an OSHA officer, to Mr. Ray Godfrey, President of Godfrey Brake and Supply Service, Inc.

Mr. Godfrey refused permission to Mr. Salazar to conduct the inspection on the basis of the proffered identification and cited newspaper accounts of phony OSHA officers operating in the area. Pursuant to a prior corporate resolution, he requested that Mr. Salazar complete a lengthy questionnaire which posed questions ranging from the statutory authority to conduct the inspection and the name of the inspection agency, to queries about whether the "public servant" had ever read the Constitution of the United States or been convicted of a crime. Mr. Salazar refused to answer the questionnaire and suggested that Mr. Godfrey call the OSHA Area Director at government expense to verify the identification. Mr. Godfrey initially declined this offer, and refused to permit the planned inspection in the absence of a completed questionnaire. He later made the call and verified the identification of Mr. Salazar.

It is clear that this case was tried and decided as a matter of statutory construction in the district court. The statute under scrutiny provides that "the Secretary, upon presenting *appropriate credentials* to the owner, operator, or agent in charge, is authorized * * * to enter without delay and at reasonable times * * *." 29 U.S.C. § 657(a)(1). (Emphasis added).

■ Finding, apparently from Godfrey's own testimony, that Godfrey "would have consented to the inspection had the questionnaire been completed" the district court framed the issue:

Thus the factual context of this dispute requires only a resolution of whether consent to an OSHA inspection may be conditioned upon completion of the questionnaire which Mr. Godfrey sought to require. The factual issues presented to this Court by this Petition require as a matter of *statutory construction,* a balancing of the conflicting interests identified in 29 U.S.C. § 657.

Section 657(a) gives an employer the right to demand "appropriate credentials" before an inspection is permitted. (Emphasis added.)

Essentially, the court determined only the extent of an employer's right to assure himself of the officer's "appropriate credentials" under the statute.[1]

The district court first identified three conflicting interests that required balancing. One concerned the employer, who the court said had a "legitimate interest in demanding adequate identification" to protect himself from "possible impersonators." The two other interests, which concern the Labor Department and the individual officer respectively, are the need to carry out prompt, effective inspections and the need to preserve the personal privacy of the OSHA officer.

After weighing these interests the court held that under the statute it is permissible for the employer to prepare a contemporaneous written record of the officer's identification and that in this case this included

the right to demand answers to eleven of the questions on Mr. Godfrey's questionnaire prior to any inspection. The district court further held that questions posed to OSHA officers must, however, be "reasonably related to identification" and must not be too "detailed". As a matter of statutory interpretation, this court must disagree. No citation of authority similar to the district court's reasoning has been given to support the appellee's position.

The credentials of a compliance officer state the officer's name, identify him as a compliance officer for the Department of Labor, and paraphrase the statutory authority for his entry. The officer's photo and signature appear on the credentials.

The statute provides for the presentation of "appropriate credentials" for the protection and assurance it provides to

---

1. In the context of this case, the court will not meet the fourth amendment issue. A number of factors lead to that conclusion. The employer did not request a search warrant from the officer when the attempt to inspect was made, and he admitted that he would have consented to an inspection once his questionnaire was completed. Furthermore, the officer did not attempt to make the inspection over the employer's protest, so he cannot assert that a warrantless, unconsented search was carried out.

It is also clear that the fourth amendment was not the issue when the parties reached court. The district court file shows no responsive pleading by the employer alleging a violation of his constitutional rights. Once at trial, on December 29, 1975, the employer again did not raise the warrant issue. The record in fact reveals only one limited reference to warrants made by the Labor Department's legal representative, Mr. McCoy. At the close of the trial, the parties stated their respective legal positions for the court:

MR. McCOY: Our basic position is that upon the presentation of those credentials, which will be Exhibit No. 2, that Mr. Salazar should have been admitted; and, secondly, that he should have been admitted in the afternoon when Mr. Godfrey became convinced he was a bona fide inspector.

MR. FITZGERALD: I think you expressed the position distinctly. I have nothing to add. That is our position. The card presented was not an appropriate credential and therefore because of the taxpayer and because of the corporate resolution that had been authorized, the taxpayer was within his

rights to ask a public servant to at least answer as many questions as possible.

The public servant testified he has no objection to answering the questions except one or two.

THE COURT: What about your legal authority for your position?

MR. FITZGERALD: Your Honor, there isn't one that I can find. Back in my mind I think there is one on the IRS.

For the first time, in a *post-trial* memorandum filed January 12, 1976, the employer asked the district court to invalidate § 657 as unconstitutional under the fourth amendment.

The district court, in accordance with the presentation of the case throughout the trial did not pass upon the fourth amendment claim, and clearly decided the case solely on the statutory question that had been presented to it. The Supreme Court has recently reminded this circuit that it is a "general rule, of course, that a federal appellate court does not consider an issue not passed upon below." *Singleton v. Wulff*, 428 U.S. 106, 96 S.Ct. 2868, 49 L.Ed.2d 826, 1976. Here, clearly, no evidence was presented in defense of the constitutionality of the OSHA statute when it was challenged subsequent to trial. In this appeal the parties first addressed the fourth amendment claim when, the employer raised it in the appellee's brief and the Secretary responded in a reply brief. In light of all the circumstances, this court, in the exercise of its discretion, chooses not to address the search and seizure issue under OSHA until such time as it is properly presented.

employers.[2] In this particular case when Godfrey claimed that he was unconvinced by the written credentials, he was invited by the officer to call the Area Director of OSHA for verification. He refused to do this at that time. Later in midafternoon Mr. Godfrey did call, and the identification of Salazar was verified. Mr. Godfrey still refused to admit the compliance officer.

In light of the statutory requirement to present "appropriate credentials", we feel it is reasonable for an employer to be permitted to copy the pertinent information displayed on the credentials when they are presented. If there is further doubt, the verification phone call is also a reasonable step. But once the identification is verified by the phone call the use of a questionnaire as a condition of inspection is an unreasonable and arbitrary request not permitted by the statute; and the questionnaire used in this case was patently designed to delay the inspection of the premises.[3]

Moreover, allowing employers to require such questionnaires would circumvent important statutory purposes. Prompt, unannounced inspections are an important element in enforcement of this Act. Both the statute and the regulations provide for the officer's entry "without delay",[4] a phrase which was specified in the House version of the bill and receded to by the Senate at the Conference meeting.[5]

The congressional findings and purposes in the Act state that an "effective enforcement program" requires a "prohibition against giving advance notice" with sanctions for violations of the provision.[6] Passages from the legislative history indicate that forewarning was a "prime cause" in the breakdown of enforcement of an earlier act.[7] Undoubtedly the provision for entry "without delay", like the advance notice provision, prevents subversion of the program and encourages consistent compliance.

Delays caused by the employer-imposed conditions are also contrary to expressed congressional intent. In a House debate one legislator, sponsor of a successful version of the bill, states:

> In general, it is our intent in H.R. 19200 that the Federal inspector should gain entry to a business or workplace with an *absolute minimum* of delay.[8] (Emphasis added.)

As one final point, it is important to note that the enforcing agency's interpretation of a statute is entitled to deference.

When faced with a problem of statutory construction, this Court shows great deference to the interpretation given the statute by the officers or agency charged with its administration. * * * "Particularly is this respect due when the administrative practice at stake 'involves a contemporaneous construction of a statute by the men charged with the responsibility of setting its machinery in motion, * * *.'"

*Udall v. Tallman*, 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965).

Based on this court's reading of 29 U.S.C. § 657 and the facts developed at trial, the

2. So until the inspector has presented his credentials, he is not empowered to enter a business or workplace. I might add that this is a feature common to both H.R. 19200 and H.R. 16785.
Senate Comm. on Labor and Public Welfare, 92d Cong., 1st Sess., Legislative History of the Occupational Safety and Health Act of 1970, 1076 (Comm. Print 1971).

3. Even questions allowed by the district court go beyond the necessary scope to verify identity. For example, the district court held that the officer may be asked if the investigation was suggested by a private person and if so whether the "public servant" will furnish a copy of the complaint.

4. 29 U.S.C. § 657(a)(1); 29 C.F.R. § 1903.3.

5. Conference Report No. 91–1765, 1970 U.S.C. C.A.N. at p. 5232.

6. 29 U.S.C. § 651(10).

7. Senate Comm. on Labor and Public Welfare, 92d Cong., 1st Sess., Legislative History of the Occupational Safety and Health Act of 1970, 856–57 (Comm. Print 1971).

8. Senate Comm. on Labor and Public Welfare, 92d Cong., 1st Sess., Legislative History of the Occupational Safety and Health Act of 1970, 1076 (Comm. Print 1971).

judgment is reversed with directions to grant the inspection order without requiring the compliance officer to complete any portion of the proposed questionnaire.