In the Matter of the Grievance of Troopers AIKEN, Anderson, Assman, Bender, Breske, Culhane, Doyle, Dupraz, Fratzke, Gillies, Halverson, Hantz, Hastetter, Hover, Jensen, Kirkpatrick, Konshak, Maag, Milbrandt, Miller, Neihart, Ottenbacher, Overbay, Patterson, Paul, Sand, Schafer, Senyak, Spencer, Sterling, Veneklasen, Vostad and Walton.

No. 12793.

Supreme Court of South Dakota.

Submitted on Briefs April 21, 1980.

Decided Sept. 17, 1980.

Richard H. Wendt, Asst. Atty. Gen., Pierre, for appellee State of South Dakota; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Max A. Gors, Pierre, for appellant Troopers.

MORGAN, Justice.

This appeal stems from the circuit court's order denying petitioners' appeal from the Secretary of Public Safety's determination that petitioners were not entitled to a five percent salary increase. We affirm.

Petitioners, all South Dakota Highway Patrol Troopers, filed a grievance with the Superintendent of the South Dakota Highway Patrol. They base their grievance on their rate of payment. Petitioners were all hired at the level of Trooper I and were promoted to the level of Trooper II as they became eligible at the end of a three–year period. When they were promoted from Trooper I to Trooper II they were given the minimum salary for the Trooper II level. They allege that they should have received the greater of the minimum salary of the new level or a five percent increase, as provided in ARSD 55:01:18:17.[1]

Petitioners had an informal hearing before the Highway Patrol Superintendent, after which he denied their grievance. Petitioners then appealed the superintendent's decision to the Secretary of Public Safety (Secretary) and to the Police Civil Service Commission. While the latter denied jurisdiction, Secretary presided over a hearing on the matter, but later also denied the grievance on the grounds that the "compensation plan" referred to in ARSD 55:02:07:01 is the plan described in ARSD 55:01:17:03, not 55:01:18 (Administration of Compensation Plan) so that the rules of the Personnel Policy Board (now extinct) and the Bureau of Personnel are not applicable to petitioners; that SDCL 3–6A–13 exempts the Police Civil Service Commission from the Career Service Act; and that SDCL 32–2–10 authorizes the Department of Public Safety alone to prescribe salaries.

Although the State originally took the position that petitioners were reclassified and not promoted, it apparently now accepts that they were in fact promoted and not reclassified, as the circuit court found, since it did not cross–appeal.

The sentence most at issue is that which is contained in ARSD 55:02:07:01. That section reads: *"Salary ranges established. The entrance level of the salaries for the classified positions of the highway patrol and the division of criminal investigation shall conform to the ranges established in the classification plan and the compensation plan of the bureau of personnel."*

Petitioners argue that it should be read to mean: The entrance level of the salaries for the classified positions of the highway patrol and the division of criminal investigation shall conform to (1) the ranges established in the classification plan and (2) the compensation plan of the bureau of personnel.

The State argues that it should be read to mean: The entrance level of the salaries for

---

1. ARSD 55:01:18:17 reads:

In any case where an employee is promoted to a class with a higher base minimum rate, the rate upon promotion shall be at the lowest rate in the higher range that will pro-

vide an increase of at least five per cent over the rate received immediately prior to the promotion. In no case can the employee exceed the maximum of the established salary range.

the classified positions of the highway patrol and the division of criminal investigation shall conform to the ranges established in (1) the classification plan and (2) the compensation plan of the bureau of personnel.

The circuit court agreed with the State that the "entrance levels are to conform to *ranges* established *in* the classification and compensation plans." Based on this interpretation of the sentence, the circuit court found that "the Commission did not adopt the Bureau's rules regarding the effects of promotion and classification of wages . . . .," as petitioners argue.[2]

To interpret what this rule means, this court must resort to rules of statutory construction. [See *Thorsness v. Daschle*, 285 N.W.2d 590 (S.D.1979), where this court said that the State Board of Elections' rules were as binding as statutes.]

 The duty of this court is to apply the statutory rule "according to its letter and spirit." *Masek v. Masek*, 89 S.D. 62, 65, 228 N.W.2d 334, 336 (1975). We "will not enlarge a statute beyond its face where the statutory terms are clear and unambiguous in meaning and do not lead to an absurd or unreasonable conclusion." *Ogle v. Circuit Ct., Tenth Jud. Circuit*, 89 S.D. 18, 21, 227 N.W.2d 621, 623 (1975). Additionally, words and phrases should be given their plain meaning and effect. *Board of Regents v. Carter*, 89 S.D. 40, 228 N.W.2d 621 (1975).

"[W]hen the language of a statute is clear, certain and unambiguous, there is no occasion for construction and the court's only function is to declare the meaning of the statute as clearly expressed in the statute." *State Highway Com'n, Etc. v. Wieczorek*, 248 N.W.2d 369, 372 (S.D.1976). An "enforcing agency's interpretation of a statute is entitled to deference." *Usery v. Godfrey Brake & Supply Service, Inc.*, 545 F.2d 52, 55 (8th Cir. 1976). Both parties in the present case agree that "[i]t is a general rule of statutory construction that modify-

ing phrases or clauses should be referred to the word, phrase, or clause with which they are grammatically connected." *Equal Emp. Op. Com'n v. Brotherhood of Painters, Etc.*, 384 F.Supp. 1264, 1266 (D.S.D.1974).

In reading the provision as written, we conclude that it is not ambiguous. We agree with the circuit court that the entrance levels of the salaries for the classified positions of the highway patrol and the division of criminal investigation shall conform to the ranges established in (1) the classification plan and (2) the compensation plan of the bureau of personnel. The two phrases clearly refer to the word "ranges."

Accordingly, the order of the circuit court is affirmed.

All the Justices concur.

---

**2.** Because the circuit court rejected petitioners' argument relating to adoption of ARSD 55:01:18:17, the court did not have to reach the question of statutory authority.