STATE ex rel. WIDDOSS, et al., Appellants, v.
ESMAY et al., Respondents

(33 N. W.2d 280.)

(File No. 8989. Opinion filed June 30, 1948.)

**Smiley & Clark,** of Belle Fourche, for Appellants.

**Lem Overpeck,** State's Atty., Butte County, of Belle Fourche, for Respondents.

SMITH, J.   By resolutions reciting respectively that there is in the treasury of Butte County the amount of $43,600 in the sinking fund, and the amount of $30,800 in the sinking fund interest fund "in excess of the amount necessary to pay all obligations, claims, or contemplated

expenditures against said fund, including all interest which may accrue on and the princpal of all outstanding bonds," and the amount of $31,600 in the permanent school fund land fund, "and the purpose for which this fund was created has been fully subserved, there remains no further use for such balance for the purpose for which it was created," the Board of County Commissioners authorized the transfer of the named amounts from these respective funds to the county road fund. Upon advice from the attorney general, the auditor and treasurer of the county refused to complete or recognize the transfers. Thereupon the plaintiffs, describing themselves as residents, freeholders and taxpayers of the county, applied for an alternative writ of mandamus requiring them to make the described transfers or to show cause for their failure so to do. The answer of the defendant county officers alleges that the transfers are prohibited by SDC 57.0505 as amended by Chapter 322, Laws of 1945. The trial court sustained this defense and entered judgment denying plaintiffs' application. The plaintiffs have appealed.

The sole question presented for our consideration is whether SDC 57.0505 as amended by Ch. 322, Laws of 1945, limits the amount of expenditures as well as the levies by the county for county road purposes.

As amended by Ch. 322, Laws of 1945, the pertinent portion of SDC 57.0505 reads as follows:

"On the first Tuesday in September of each year, or within ten days thereafter, the board of county commissioners shall levy the necessary taxes for the current fiscal year on all taxable property in the county. Such taxes shall be based upon an itemized estimate of the county expenses for the ensuing year, which shall be included in the published proceedings of the board, and no greater levy of county tax shall be made upon the taxable property of any county than will be equal to the amount of such expenses, with an excess of five per cent of the same, and shall include the following purposes: * * *

"(4) For county roads, in addition to the road taxes levied by the several civil townships, cities, and incorporated towns, not to exceed three mills on the dollar of the assessed valuation of all taxable property within the county, includ-

ing organized civil townships, cities, and incorporated towns, and it shall have the entire supervision of the expenditure of such taxes and it may levy a higher rate, not to exceed five mills on the dollar, if it shall have been directed to do so by majority of all of the electors of the county."

In asserting the competency of the board of commissioners to make these transfers, the plaintiffs place reliance upon the grant of power contained in SDC 12.1904, and in SDC 12.2016.

SDC 12.1904 reads as follows:

"Whenever there remains in the treasury of any county an unexpended balance of any special fund, and all claims against such fund have been fully paid, and the purpose for which it was created has been fully subserved, and there remains no further use for such balance for the purpose for which it was created, it shall be lawful for the board of county commissioners to transfer such balance to any other fund of the county or subdivision to which such balance belongs."

SDC 12.2016 reads as follows:

"The board of county commissioners may transfer the surplus moneys that may be on hand in any of the several funds to such fund or funds as they may deem for the best interest of the county or may appropriate such surplus moneys to the payment of any outstanding indebtedness of the county. No moneys in any fund shall be transferred therefrom unless there be left in such fund sufficient money to pay all outstanding warrants drawn against such fund, together with any other indebtedness or contemplated expenditures from said fund for the current fiscal year. No money shall be transferred from any sinking or interest fund unless sufficient money be left therein to pay all interest which may accure on and the principal of all outstanding bonds:"

In the absence of such a plain grant of power to transfer funds as is contained in SDC 12.1904 and SDC 12.2016, reason and authority would support a conclusion that the legislature intended by SDC 57.0505 to proscribe all other methods of raising funds for county road purposes

by designating a particular method of raising funds for this special purpose, 20 C. J. S., Counties, § 229, p. 1107, and Hughes v. Board of Commissioners, 25 S. D. 480, 127 N. W. 613. And, if we could discover a basis for the exercise of our powers of statutory construction, it would be proper for us to concur in the opinion of the attorney general to avoid unsettling administrative practices of long standing. Cf. Jordan v. Mellette County, 38 S. D. 299, 161 N. W. 279, and Tulare Independent School District No. 36 v. Crandon School District No. 17, 47 S. D. 391, 199 N. W. 451. However, neither by reading SDC 12.1904 and SDC 12.2016 separately, nor in connection with all of the provisions of the statute dealing with counties are we able to discern any ambiguity. We can perceive no reason for concluding that because the legislature limited the power of the board of county commissioners to levy taxes for county road purposes by SDC 57.0505, supra, it did not mean what it so clearly said in SDC 12.1904 and SDC 12.2016, viz., that the board of commissioners are empowered to transfer surplus funds "to any other fund of the county." In such circumstances our only function is to declare the meaning so clearly expressed in these statutes. Burke v. Burkhart, 42 S. D. 604, 176 N. W. 743; In re Black's Estate, 74 N. D. 446, 23 N. W.2d 35.

It follows we are of the opinion that the trial court erred in concluding that SDC 57.0505(4) supra, prohibits the transfer of surplus funds described in SDC 12.1904 and SDC 12.2016 to the county road fund.

The only question in the case is the authority of the board of county commissioners to transfer surpluses where the objects for which the funds were raised and collected have been accomplished and nothing herein should be construed as indicating that the money raised for a specific purpose may be diverted to another. See Aldrich v. Collins, 3 S. D. 154, 52 N. W. 854; Constitution of South Dakota, Sec. 2, Art. X, and Sec. 8, Art. XI.

The judgment of the trial court is therefore reversed.

No costs taxed.

All the Judges concur.