Leray LYTLE, d/b/a Lytle Plumbing &
Heating, Plaintiff and Appellant,

v.

John MORGAN, d/b/a KOA
Campground, Defendant
and Respondent.

No. 12060.

Supreme Court of South Dakota.

Submitted on Briefs April 20, 1978.

Decided Sept. 21, 1978.

Terrance J. Crow, Hill City, for plaintiff and appellant.

Gerald M. Baldwin, Custer, for defendant and respondent.

PER CURIAM.

This action was brought by plaintiff Lytle for materials furnished and labor supplied to defendant Morgan. A jury verdict was rendered for defendant and the lower court entered judgment dismissing plaintiff's complaint and discharging plaintiff's mechanic's lien. We affirm.

Since December of 1974, defendant has been the owner and operator of a public campground which is located approximately four miles west of Custer, South Dakota. Plaintiff is a plumbing contractor who had begun construction of additional campground facilities at defendant's campground prior to December of 1974. In the spring of 1975, the parties met with each other and discussed completion of the project. An informal, unwritten agreement was reached whereby the plaintiff was to complete the installation of additional facilities.

Plaintiff commenced work on the project on approximately June 24, 1975, and worked sporadically through August of 1975. On August 31, 1975, plaintiff billed defendant for work done and materials fur-

nished in the amount of $5,233.00. Defendant subsequently paid $3,300.00 and informed plaintiff that he was not going to pay the balance of the bill until the project was completed satisfactorily.

Plaintiff then filed a mechanic's lien in the general amount of the balance of the bill remaining unpaid. Defendant made a formal demand that suit be filed[1] and plaintiff brought this action for foreclosure on the lien and sale of defendant's property or, in the alternative, for judgment on the amount of the bill unpaid. Defendant answered and counterclaimed for damages for breach of contract. The actions came to trial before a jury on June 29, 1976. The trial court directed a verdict against defendant on the counterclaim and denied plaintiff's motion for directed verdict on the complaint. The jury verdict was rendered for defendant on the issues remaining. The trial court also denied plaintiff's motion for judgment notwithstanding the verdict.

On appeal, plaintiff raises the following issues:

1. the trial court erred in not granting plaintiff's motion for directed verdict on the complaint or motion for judgment n. o. v. because plaintiff was entitled to foreclosure on the mechanic's lien as a matter of law;

2. the trial court erred in failing to advise the jury that plaintiff's motion for directed verdict on defendant's counterclaim was granted; and

3. the trial court erred in failing to use plaintiff's mechanic's lien instructions.

With regard to the first issue, it is well established that trial court rulings and decisions are presumed to be correct and this court will not seek reasons to reverse. *Shaffer v. Honeywell, Inc.*, 1976, S.D., 249 N.W.2d 251; *Custer County Bd. of Ed. v. State Com'n on E. & S. Ed.*, 1972, 86 S.D.

---

1. Pursuant to SDCL 44–9–26 which reads as follows:

   Upon written demand of the owner, his agent, or contractor, served on any person holding a lien, requiring him to commence suit to enforce such lien, such suit shall be commenced within thirty days after such service, or the lien shall be forfeited.

215, 193 N.W.2d 586. In our review of the trial court's denial of the plaintiff's motions for directed verdict and judgment n. o. v., we must keep in mind that the trial court must consider the evidence in the light most favorable to the non-moving party and give the non-moving party the benefit of every reasonable inference in his favor. If there is substantial evidence that would allow reasonable minds to reach differing conclusions, it is proper to deny the motion for directed verdict and to submit the case to the jury and the verdict should not be disturbed on a motion for judgment notwithstanding the verdict. *Heiser v. Rodway*, 1976, S.D., 247 N.W.2d 65; *Beck v. Wessel*, 1976, S.D., 237 N.W.2d 905; *Ehlers v. Chrysler Motor Corp.*, 1975, 88 S.D. 612, 226 N.W.2d 157; *Ricketts v. Tusa*, 1974, 87 S.D. 702, 214 N.W.2d 77; and *Corey v. Kocer*, 1972, 86 S.D. 221, 193 N.W.2d 589.

We have examined the record in the light most favorable to defendant and we find that there was substantial evidence upon which reasonable minds could differ. We are convinced that the trial court was correct in denying both of plaintiff's motions. The record reveals that the parties had conversations regarding the necessity for completion of the project at the earliest date possible. There is evidence that plaintiff stated he could not be done with the project by July 4th but that "he would do the best he could" and that "he should be able to finish by the middle of July". At the time plaintiff presented the bill to defendant, the project was not completed in that the shower house and laundry building were totally inoperable, pipes were sticking out of the ground, ditches were open and there were no water connections in the tent area. The water pipes leaked when the water system was pressurized and sewer pipe under the road was buried only one foot deep and was plugged. A state plumbing inspector found that the plumbing installation was inadequate, incomplete, and improper based upon the state plumbing code. There is testimony that some of the materials that plaintiff billed defendant for were in fact supplied by defendant himself.

We find that plaintiff's claim that he was entitled to foreclosure on the mechanic's lien as a matter of law is without merit. The purpose of mechanic's lien laws is to provide security or protection to persons who improve the property of others by furnishing materials and labor. *F. H. Peavey & Co. v. Whitman*, 1966, 82 S.D. 367, 146 N.W.2d 365; *City Lumber & Supply Co. v. Fisher*, 1950, 256 Wis. 402, 41 N.W.2d 285; 53 Am.Jur.2d Mechanics' Liens §§ 1, 6, and 19. A mechanic's lien is in no way a substitution or novation of a debt but rather is merely a security interest given to aid in satisfaction of a debt. *Canvasser Custom Builders, Inc. v. Seskin*, 1972, 38 Mich.App. 643, 196 N.W.2d 859. Mechanic's lien laws do not give claimants the power to arbitrarily set the value of material and labor without the necessity of proving the value thereof. This proof is required by SDCL 44–9–40 which states that "[j]udgment shall be given in favor of each lien holder for the amount demanded *and proved* by him . . . ." [2] (Emphasis added.) Because the parties had no express contract, plaintiff was obligated to prove that the amount demanded constituted "the reasonable value of the work done, and of the skill, material and machinery furnished." SDCL 44–9–6.[3] As discussed above, the bill presented by plaintiff was disputed by defendant and both parties disagreed as to reasonable value. Therefore, plaintiff was not entitled to foreclosure on the lien as a matter of law and the question of reasonable value was properly submitted to the jury.

**2.** SDCL 44–9–40 reads as follows:

Judgment shall be given in favor of each lien holder for the amount demanded and proved by him, with costs and disbursements to be fixed by the court at the trial, and such amount shall not be included in the lien of any other party.

**3.** SDCL 44–9–6 reads as follows:

If the contribution be made under a contract with the owner and for an agreed price, the lien as against him shall be for the sum so agreed upon together with the cost of any additional material or work agreed upon, otherwise, and in all cases as against others than the owner, it shall be for the reasonable value of the work done, and of the skill, material, and machinery furnished.

With regard to the second issue, we find that the trial court did not commit error in not advising the jury that plaintiff's motion for directed verdict on defendant's counterclaim was granted. The defendant's counterclaim presented the issue of damages for breach of contract which is entirely separate from the issue presented by the plaintiff's complaint, i. e., the reasonable value of material and labor furnished to defendant. After the trial court granted plaintiff's directed verdict and dismissed the counterclaim, there was no argument, instruction, or verdict form presented to the jury which would allow them to consider defendant's counterclaim for damages for loss of business resulting from the breached contract. The only matter at issue before the jury was the reasonable value of plaintiff's services. In fact, if the jury would have been advised of the directed verdict on the counterclaim, it may have confused them rather than aided them in their determination of reasonable value.

The third issue involves alleged error by the trial court in failing to give plaintiff's mechanic's lien instructions. The burden is on the plaintiff to show not only error but also prejudicial error to the effect that under the evidence, the jury might and probably would have returned a different verdict if plaintiff's instructions had been given. *Shaffer v. Honeywell, Inc.,* supra; *Alberts v. Mutual Service Casualty Insurance Co.,* 1963, 80 S.D. 303, 123 N.W.2d 96; *Dwyer v. Christensen,* 1958, 77 S.D. 381, 92 N.W.2d 199. Further, it is this court's duty to consider the instructions as a whole in determining whether prejudicial error exists. *Schmidt v. Wildcat Cave, Inc.,* 1977, S.D., 261 N.W.2d 114; *Degen v. Bayman,* 1976, S.D., 241 N.W.2d 703; *Northwestern Bell Tel. Co. v. Henry Carlson Co.,* 1969, 83 S.D. 664, 165 N.W.2d 346.

We find that there is no affirmative showing of prejudicial error in the trial court's failure to give plaintiff's mechanic's lien instructions. As discussed above, the issue before the jury was the reasonable value of material and labor. The trial court gave the following instruction in this regard:

> If a contractor constructs certain improvements on real property and the owner agrees to pay the fair and reasonable value of the labor and materials necessary therefore, it is your duty as jurors to determine the fair and reasonable value of the materials furnished and the labor provided.[4]

This instruction, when viewed with all the instructions as a whole, is sufficient to apprise the jury of the nature and scope of their deliberations. Mechanic's lien instructions had no bearing on the issue to be resolved and, therefore, were properly excluded by the trial court.

We can find no reason to overturn the verdict and judgment in this case. The parties presented conflicting evidence which was properly submitted to the jury and there is substantial evidence to support the jury's decision. Upon consideration of plaintiff's assignments of error, we conclude that plaintiff has not affirmatively established that prejudicial error occurred at trial.

The verdict of the jury must stand and the judgment of the trial court is affirmed.

---

4. See SDCL 44–9–6 at note 3, supra.