**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Bobby CORLE, Defendant and Appellant.**

**No. 12877.**

Supreme Court of South Dakota.

Considered on Briefs Feb. 22, 1980.

Decided July 23, 1980.

Dennis R. Holmes, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Steven L. Jorgensen, Sioux Falls, for defendant and appellant.

PER CURIAM.

On January 12, 1979, after being stopped for a routine traffic offense, appellant shot

the police officer who approached him. Appellant was charged with Count 1, aggravated assault (SDCL 22–18–1.1(3))[1]; Count 2, possession of a firearm while committing a felony (SDCL 22–14–13)[2]; and Count 3, possession of a firearm by a convicted felon (SDCL 22–14–15). A habitual offender information was subsequently filed against appellant.

Pursuant to a plea bargain accepted by the court, appellant entered pleas of guilty to Counts 1, 2 and 3; the habitual criminal information was dismissed; and appellant was sentenced to ten years on Count 1, fifteen years on Count 2 to run consecutive to Count 1, and two years on Count 3 to be served concurrently with Counts 1 and 2. He appeals from the judgment and sentence. We affirm.

Appellant contends that consecutive sentencing pursuant to SDCL 22–14–13 violates his constitutional double jeopardy protections.

■ Even though a single transaction gave rise to both the charge of aggravated assault and the charge of possession of a firearm while committing a felony, appellant cannot claim double jeopardy. This Court has followed the "same evidence" test with regard to a double jeopardy defense. As set forth in *State v. Pickering*, 88 S.D. 548, 553, 225 N.W.2d 98, 101 (1975), that test states:

> [T]he plea of double jeopardy is available only when the separate offenses are in substance the same, so that the evidence which proves the one would prove the other and if an essential element of one is not necessarily present in the other there is no former jeopardy.

We view this test to be controlling. See *State v. Coe*, 286 N.W.2d 340 (S.D.1979); *In re Mehrer*, 273 N.W.2d 194 (S.D.1979); *State v. West*, 260 N.W.2d 215 (S.D.1977).

It is clear that the two crimes at issue require proof of different elements as defined by statute. Aggravated assault under SDCL 22–18–1.1(3) requires the showing of: 1) an attempt to cause or the knowing causation of any bodily injury, 2) to a law enforcement officer, 3) while the officer is engaged in the performance of his duties. Commission of a felony while armed with a firearm requires the showing of: 1) the commission or the attempted commission of any felony, 2) while armed with a firearm. Each statute requires proof of an additional element not necessary to prove the other. Under the "same evidence" test, there is no former jeopardy in this instance.

■ When an information charges separate offenses in two counts, separate sentences may be imposed for each offense. *State v. Teutsch*, 80 S.D. 462, 467–68, 126 N.W.2d 112, 115 (1964).

The judgment of conviction is affirmed.

---

1. SDCL 22–18–1.1(3) provides:

   Any person who:
   Attempts to cause or knowingly causes any bodily injury to a law enforcement officer or other public officer engaged in the performance of his duties . . .
   is guilty of aggravated assault. Aggravated assault is a Class 4 felony.

2. SDCL 22–14–13 provides:

   Any person who commits or attempts to commit any felony when armed with a firearm, other than a machine gun or short shotgun, is guilty of a Class 3 felony for the first conviction. A second or subsequent conviction is a Class 1 felony.
   Any sentence imposed under this section shall be consecutive to any other sentences imposed for a violation of the principal felony.