**STATE of South Dakota, Plaintiff and Appellee,**

**v.**

**Ronald DENNIS, Defendant and Appellant.**

**No. 12848.**

Supreme Court of South Dakota.

Considered on Briefs Feb. 22, 1980.

Decided July 23, 1980.

Margaret Crew, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

A. Thomas Pokela of Braithwaite & Cadwell, Sioux Falls, for defendant and appellant.

PER CURIAM.

This is an appeal from a judgment finding the defendant guilty of one count of aggravated assault.

The defendant was an inmate at the South Dakota State Penitentiary. On May 31, 1978, another inmate grabbed the arm of a guard in the control room. The inmate pulled the guard's arm through a window while defendant grabbed his hand and put a cord around it.

Defendant alleges that charging in one count that defendant attempted to and did cause bodily injury to a law enforcement officer engaged in the performance of his duties combines two separate offenses in one count contrary to law. We do not agree.

The defendant was indicted under SDCL 22–18–1.1(3) (1979 Rev.), which provides:

Any person who:

Attempts to cause or knowingly causes any bodily injury to a law enforcement officer or other public officer engaged in the performance of his duties . .

is guilty of aggravated assault. Aggravated assault is a Class 4 felony.

If considered severally, an attempt to cause bodily injury and knowingly causing bodily injury could constitute a separate offense requiring separate proof. Under SDCL 22–18–1.1(3), however, each becomes a means of committing the offense of aggravated assault.

Where both the attempt and its completion are means of committing aggravated assault and where both are subject to the same penalty, the rule set forth in State v. Pirkey, 22 S.D. 550, 553, 118 N.W. 1042, 1044 (1908), applies:

The rule seems to be well settled that, when a penal statute mentions several acts disjunctively, and prescribes that each shall constitute the same offense and is subject to the same punishment, an information may charge any and all of such acts conjunctively as constituting a single offense.

Various state and federal courts have set forth this same principle in their holdings. Gerberding v. United States, 471 F.2d 55, 59 (8th Cir. 1973); United States v. Selage, 175 F.Supp. 439, 442 (W.D.S.D. 1959). See also State v. Jerke, 73 S.D. 64, 38 N.W.2d 874 (1949) and 42 C.J.S. Indictments and Informations § 101, pp. 984–985.

Defendant's contention that an attempt to cause bodily injury conviction would not be subject to the same penalty as the completed crime is not persuasive. The various punishments prescribed by SDCL 22–4–1 for attempted crimes are applicable only in those cases in which the law makes no other provision for the punishment of such attempts. SDCL 22–18–1.1 classifies an attempt to cause bodily injury as a Class 4 felony, the punishment for which is set

forth in SDCL 22–6–1(5). Accordingly, under the *Pirkey* rule defendant was properly charged.

Defendant further contends that the evidence offered at trial was insufficient to support the verdict of guilty. In reviewing a conviction on appeal, this Court will not set aside a guilty verdict if "the evidence and reasonable inferences, which can be fairly drawn therefrom, sustain a rational theory of guilt." *State v. Herrald*, 269 N.W.2d 776, 778 (S.D. 1978). Furthermore, in making the determination of guilt, "this court will accept 'that evidence, and the most favorable inferences that can be fairly drawn therefrom, which will support the verdict.'" *State v. Dietz*, 264 N.W.2d 509, 510 (S.D. 1978), quoting from *State v. Best*, 89 S.D. 227, 244, 232 N.W.2d 447, 457 (1975).

Evidence was introduced showing that defendant grabbed the guard's hand and put a cord around it. Defendant then tried to wrap the cord to the barred door, but the guard was able to escape. We conclude that this evidence supports an inference by the jury that defendant did commit aggravated assault and that there is a rational theory of guilt to uphold the verdict reached by the jury.

The judgment of conviction is affirmed.