**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Gregory Scott FEYEREISEN, Defendant and Appellant.**

**No. 14109.**

Supreme Court of South Dakota.

Considered on Briefs Dec. 1, 1983.

Decided Jan. 25, 1984.

---

Jon R. Erickson, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Lee A. Tappe, Platte, for defendant and appellant.

HENDERSON, Justice.

## ACTION

Appellant Gregory Scott Feyereisen appeals from a five-year sentence to the State Penitentiary imposed subsequent to his jury conviction of aggravated assault of a law enforcement officer in violation of SDCL 22–18–1.1(3). We affirm.

## FACTS

On the afternoon of October 2, 1982, appellant Gregory Scott Feyereisen was consuming alcohol with several friends at the Pheasant Bar in Winner, South Dakota. At approximately 3:00 in the afternoon, this group decided to venture to the local park to play football or frisbee. As the group began to leave the Pheasant Bar, a few nearby Winner citizens noticed some members of the group took their drinks with them and might be violating a city ordinance against open containers in public areas. Paul Schueth, the Winner Chief of Police, was in the area returning from a vandalism investigation when he noticed these citizens pointing towards the open containers.

Schueth, who was not wearing his law enforcement officer's uniform, stopped his police cruiser in the vicinity of one of the group's vehicles. The cruiser had a Winner City Police insignia on the doors, whip antennas, and red lights on the top. Schueth automated the emergency flashing lights but not the overhead lights. Schueth approached the vehicle and asked the boarding occupants for the drinks. As the young men complied, Schueth noticed the owner of the vehicle placing something under the vehicle's seat. Before Schueth began a search under the seat, he also observed a leafy-like substance which appeared to be marijuana floating in the liquid of one of the glasses. Later, it was stipulated at trial that the substance was marijuana. There was no dispute that the glasses contained alcohol—mixed drinks. Appellant Feyereisen came upon the scene noticing the nearby police cruiser and an

individual reaching under his friend's truck seat.

What occurred at this point is disputed, except to say that unquestionably Schueth and appellant Feyereisen became embroiled in a fistfight and appellant Feyereisen prevailed. The State put on evidence that appellant Feyereisen started the brawl; appellant Feyereisen put on evidence that Schueth was the aggressor. In this regard, Schueth testified that he was jerked out of the vehicle he was searching and appellant and appellant's brother stood immediately in front of him. Appellant Feyereisen asserted he was unaware the individual was a law enforcement officer until the fisticuffs were underway. However, evidence established that appellant was a life-long resident of Winner and knew Schueth was the Chief of Police. Evidence disclosed that Schueth was knocked to the ground and kicked when he tried to get up. Besides abrasions and contusions, he suffered two cracked ribs. Appellant admitted under oath he knew he was kicking a police officer. A Tripp County jury, as the finder of fact, convicted appellant Feyereisen of assaulting a law enforcement officer.

## ISSUES

### I.

DID THE TRIAL COURT ERR IN REJECTING APPELLANT'S PROPOSED JURY INSTRUCTION REQUIRING AN ELEMENT OF KNOWLEDGE THAT THE VICTIM WAS A LAW ENFORCEMENT OFFICER?

### II.

DID THE TRIAL COURT ERR BY INSTRUCTING THE JURY THAT THE LAW ENFORCEMENT OFFICER WAS ACTING WITHIN THE SCOPE OF HIS AUTHORITY WHEN THE ALTERCATION TRANSPIRED?

## DECISION

### I.

■ SDCL 22–18–1.1(3) provides:

Any person who:

. . . .

(3) Attempts to cause or knowingly causes any bodily injury to a law enforcement officer or other public officer engaged in the performance of his duties ...

is guilty of aggravated assault. Aggravated assault is a Class 4 felony.

Appellant Feyereisen advocates that SDCL 22–18–1.1(3) requires the accused assailant have knowledge at the time of the attack that his victim is a law enforcement officer engaged in lawful duty. We disagree. In the recent case of *State v. Cook*, 319 N.W.2d 809, 811 (S.D.1982), we held:

Aggravated assault under SDCL 22–18–1.1(3) requires the showing of: 1) an attempt to cause or the knowing causation of any bodily injury, 2) to a law enforcement officer, 3) while the officer is engaged in the performance of his duties. *See State v. Corle*, 294 N.W.2d 799 (S.D.1980). It is not disputed that Officer Whiting was a law enforcement officer in Yankton.

*Contra, State v. Copher*, 581 S.W.2d 59 (Mo.Ct.App.1979). In light of the state statute and our prior holding, we are unwilling to read an additional knowledge requirement into SDCL 22–18–1.1(3). The legislature did not intend to include knowledge of the victim's identity as an element of the offense. And this Court cannot and should not amend a statute to avoid or produce a particular result. *See State v. Esmay*, 72 S.D. 270, 33 N.W.2d 280 (1948).

### II.

■ Jury instruction number 12 provided:

You are instructed that Chief of Police Paul Schueth was acting within the scope of his authority as a law enforcement officer when he commenced the search of the Craig Audiss vehicle being then and there possessed of information that offenses were being committed in his presence and within the vehicle within his open view.

Appellant Feyereisen objected below to instruction 12 and now advocates that the instruction erroneously directed the jury to find that the State had proven an element of the alleged crime. As we noted above, one of the elements the State must prove for a conviction under SDCL 22–18–1.1(3) is that the officer was "engaged in the performance of his duties."

Schueth testified that the policy of the City of Winner was flexible as to when he was on duty, although he was on call twenty-four hours a day. In *State v. Winckler*, 286 N.W.2d 313, 314 (S.D.1979), we held that SDCL 22–18–1.1(3) is to be construed taking into account the protection the legislature desired for law enforcement officers:

> We conclude that the legislature intended the deterrent effect of SDCL 22–18–1.1(3) to be available to clothe with protection those who by virtue of their status as law enforcement officers have been pressed into service .... Neither SDCL 22–1–2(20) nor SDCL 22–18–1.1(3) speaks in terms of an officer's jurisdiction or authority.

It is noteworthy that jury instruction 5 provided in part:

> For your information in determining whether or not Paul Schueth was a law enforcement officer engaged in the performance of his duties at that time, you are instructed that the city ordinances of the City of Winner provide that it is unlawful for any person to possess an alcoholic beverage in an unsealed container or in an open receptacle either within or without a motor vehicle on any sidewalk, street, alley, or highway within the city limits of Winner, South Dakota.

> For the same purpose, you are advised that it is unlawful under the laws of this State for any person to knowingly possess marijuana.

In *Cook*, 319 N.W.2d at 812, we adopted with approval the following passage from *United States v. Heliczer*, 373 F.2d 241, 245 (2nd Cir.1967), *cert. denied*, 388 U.S. 917, 87 S.Ct. 2133, 18 L.Ed.2d 1359 (1967):

"Engaged in * * * performance of official duties" is simply acting within the scope of what the agent is employed to do. The test is whether the agent is acting within that compass or is engaging in a personal frolic * of his own. It cannot be said that an agent who has made an arrest loses his official capacity if the arrest is subsequently adjudged to be unlawful.

We agree with the trial court and hold that Schueth was acting under his "authority" in either detaining this group of individuals with open containers or searching underneath the seat of the vehicle. Schueth had seen Audiss, owner of the vehicle, grab something from the dash and put it underneath the seat. Further, it was simply not disputed that Schueth was a law enforcement officer in Winner when appellant assaulted him. Thus, jury instruction 12 failed to infringe upon the last element of SDCL 22–18–1.1(3).

■ Finally, the burden is on appellant to show not only error but also prejudicial error to the effect that under the evidence, the jury might and probably would have returned a different verdict if appellant's instruction had been given. *State v. Grey Owl*, 295 N.W.2d 748 (S.D.1980). Under the state of this record, we are unconvinced that the jury would have found Schueth not engaged in the performance of his duties. Confronted with a situation where citizens were pointing out that crimes were being openly committed, this twenty-four-hour law enforcement officer exercised his duty to respond. Accordingly, we affirm appellant's conviction.

FOSHEIM, C.J., and DUNN, J., concur.

WOLLMAN and MORGAN, JJ., concur in result.

MORGAN, Justice (concurring in result).

I concur in the majority opinion as to Issue II and in the result but do not read either SDCL 22–18–1.1(3) nor our decision in *State v. Cook*, 319 N.W.2d 809, 811

---

* *See Cook*, 319 N.W.2d at 814 (Henderson, J., concurring in result), for advocation of a more restrictive standard than frolic.

(S.D.1982) as narrowly as the author reads them. In *Cook*, the defendant's knowledge of the officer's identity was not at issue. I agree with defendant that the assailant must have knowledge that his victim is a law enforcement officer. Applying the statute to the issue in this case, I would revise that portion of *Cook* cited in the opinion to read as follows:

> Aggravated assault under SDCL 22–18–1.1(3) requires the showing of an attempt to cause or the knowing causation: 1) of any bodily injury, 2) to a law enforcement officer, 3) while the officer is engaged in the performance of his duties.

The record shows that Feyereisen was a resident of the City of Winner, knew the chief of police, and at some point in the altercation admitted that he knew he was assaulting the chief of police, but continued his assault to the point of kicking the victim when he was on the ground. I would therefore hold that it was not prejudicial error to refuse the instruction under the reasoning advanced by the author under Issue II.

I am authorized to state that Justice WOLLMAN joins in this concurrence in result.