**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Jack Dean FENDER, Defendant and Appellant.**

**No. 14333.**

Supreme Court of South Dakota.

Considered on Briefs April 19, 1984.

Decided Nov. 21, 1984.

Richard H. Wendt, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

William A. Moore, Scotland, for defendant and appellant.

MORGAN, Justice.

On June 21, 1983, an amended complaint and information were filed against Jack Dean Fender (Fender) on three counts: (1) disorderly conduct under SDCL 22–13–1, (2) aggravated assault under SDCL 22–18–1.1, and (3) escape under SDCL 22–11A–2. A jury convicted Fender of aggravated assault and escape and acquitted him on the disorderly conduct charge in a trial held on July 22, 1983. On August 2, 1983, Fender was sentenced to three years in the State Penitentiary on each conviction; the sentences to run concurrently. The sentences were suspended on condition that Fender serve sixty days in the Bon Homme County Jail, make restitution for his legal fees within one year, obey all state laws for three years, and abide by the standard probation agreement. Notice of appeal from final judgment of conviction was filed pursuant to SDCL 23A–32–2 on August 30, 1983. We affirm.

At approximately eleven o'clock a.m. on May 14, 1983, Cliff Stainbrook (Stainbrook), the Police Chief of Tyndall, South Dakota, and a deputy sheriff went to Fender's residence in response to a call. Fender's wife asked them to take Fender out of the home so that he could not continue to beat her. At that time, Fender told Stainbrook and the deputy that he wanted nothing to do with them and he left the house. At approximately eleven o'clock p.m. that evening, Stainbrook went to the Fender house for the second time that day, again in response to a call. Stainbrook drove up to the house in uniform and alone. He parked directly in front of the house and he observed Mr. and Mrs. Fender shouting back and forth as he walked up the sidewalk. Fender wanted into the house and she refused to allow him to enter. Stainbrook twice asked Fender to accompany him to the patrol car where they could discuss the problem and Fender refused twice. At that time, Stainbrook said: "Jack, you're under arrest, let's go." Stainbrook reached and touched Fender's arm. Fender grabbed Stainbrook, said "I'm not going anywhere with you," pushed him off the steps to the porch and struck the police chief with his fists all the way down the steps. Fender continued to swing at and strike Stainbrook even after the police chief struck him with a night stick, first under the ribs and then over the top of the head. Finally, Fender pushed Stainbrook away from him and headed back to the house. After one more attempt to arrest Fender and another attack by Fender in response, Stainbrook returned to his car to call for assistance. Stainbrook was sitting in the car and talking on the radio with his feet and lower legs hanging out the door when Fender resumed his attack by slamming the car door on Stainbrook's legs twice and kicking him in the chest. The police chief pulled his revolver and ordered Fender to lie on the ground. Fender ran in

order to escape. Fender was eventually found lying face down in a plowed field approximately three blocks from the Fender residence. The county sheriff and a deputy sheriff arrived to assist Stainbrook with the arrest. Fender resisted and struggled but the three men were able to take him into custody.

Fender raises five issues on this appeal: (1) Did the trial court commit prejudicial error when it used the word "attempted" in its jury instruction on aggravated assault, (2) did the trial court commit prejudicial error when it failed to instruct the jury that a conviction under SDCL 22-18-1.1 required that Fender be aware that he was assaulting a law enforcement officer, (3) did the trial court abuse its discretion and commit prejudicial error when it admitted evidence of Fender's prior conduct, specifically that he had struck and beat his wife, (4) did the trial court commit prejudicial error when it refused Fender's proposed jury instruction on the evidence that could be properly considered, and (5) did the trial court commit prejudicial error by improperly instructing the jury on Fender's self-defense theory.

Fender was convicted of aggravated assault under SDCL 22-18-1.1. The relevant portions of the statute read as follows:

Any person who:

....

(3) Attempts to cause or knowingly causes any bodily injury to a law enforcement officer or other public officer engaged in the performance of his duties;

....

is guilty of aggravated assault. Aggravated assault is a Class 4 felony.

Count two of the amended complaint and the information charge Fender with attempting to cause bodily injury to a law enforcement officer, i.e., Stainbrook. The introduction to the trial court's jury instructions described Count two, the aggravated assault charge, as an attempt to cause bodily injury to a law enforcement officer" and the trial court provided the following jury instruction on the aggravated assault charge:

It is provided by a statute of this State that any person who attempts to cause or knowingly causes any bodily injury to a law enforcement officer engaged in the performance of his duties is guilty of the crime of aggravated assault.

The essential elements of the offense of aggravated assault as charged in the information, each of which the State must prove beyond a reasonable doubt, are:

1. That the defendant attempted to cause or knowingly caused bodily injury to Cliff Stainbrook.

2. That Cliff Stainbrook was a law enforcement officer engaged in the performance of his duties at that time.

A law enforcement officer is an officer or employee of the state or any of its political subdivisions, such as the city of Tyndall, S. Dak., while on duty, who is responsible for the prevention or detection of crimes and for the enforcement of the criminal or highway traffic laws of the state.

Fender objected to the instruction on grounds that the State charged Fender on the basis of a completed assault and not with attempting to assault Stainbrook and that no evidence was offered to show that Fender "attempted" to cause bodily injury to Stainbrook. The complaint and information show that Fender is mistaken as to the charge. Fender also apparently argues that the acts constituting an attempt to cause injury and the acts which actually cause injury are separate offenses and require different evidence.

■ When considered severally, an attempt to cause bodily injury and knowingly cause bodily injury could constitute separate offenses and require separate proofs. *State v. Dennis*, 294 N.W.2d 797 (S.D. 1980). This court stated in *Dennis*, however, that when both the attempt and its completion justify conviction for aggravated assault and both are subject to the same penalty, the rule set out in *State v.*

*Pirkey,* 22 S.D. 550, 553, 118 N.W. 1042, 1044 (1908), applies. That rule reads:

> [W]hen a penal statute mentions several acts disjunctively, and prescribes that each shall constitute the same offense and is subject to the same punishment, an information may charge any and all of such acts conjunctively as constituting a single offense.

Fender's contention that an attempt to cause bodily injury always requires separate proof from that showing the completed crime is not persuasive. *See Dennis, supra.* " 'The attempt must be manifested by acts which would end in accomplishment, but for ... circumstances occurring ... independent of the will of the defendant.' " *State v. Martinez,* 88 S.D. 369, 371, 220 N.W.2d 530, 531 (1974). An attempt involves direct movement toward commission of an offense. *Id.* Evidence of a direct act, however slight, toward consumation of the intended crime is required to show that the defendant's conduct is unequivocal. *Martinez, supra; State v. Judge,* 81 S.D. 128, 131 N.W.2d 573 (1964). When the evidence demonstrates that the defendant's conduct is unequivocal and the acts would result in commission of the offense unless frustrated by extraneous circumstances, the defendant's intent is irrelevant. Intent may be shown by conduct and acts. *Id.* In this case, evidence was presented that Fender did everything he possibly could under the circumstances to cause bodily injury to Stainbrook. He kicked him, hit him, pushed him, and slammed a car door on his legs. *See Martinez, supra; Judge, supra.* The trial court must instruct the jury as the evidence presented warrants. *State v. Curtis,* 298 N.W.2d 807 (S.D.1980). In this case, the evidence warranted an instruction on each of the relevant disjunctively stated acts which constitute aggravated assault.

*See Pirkey, supra.* Any and all such acts may be charged as a single offense. *Id.* It follows that the various acts which may constitute the crime must be stated in the instructions to the jury.

Fender's second issue on this appeal questions whether the trial court committed prejudicial error when it failed to instruct the jury that a conviction under SDCL 22–18–1.1(3) requires that the defendant know of the victim's status as a law enforcement officer. This issue was recently raised in *State v. Feyereisen,* 343 N.W.2d 384 (S.D.1984), and this court specifically stated that:

> [W]e are unwilling to read an additional knowledge requirement into SDCL 22–18–1.1(3). The legislature did not intend to include knowledge of the victim's identity as an element of the offense.

343 N.W.2d at 386. The *Feyereisen* decision followed *State v. Cook,* 319 N.W.2d 809 (S.D.1982), in which we held that:

> Aggravated assault under SDCL 22–18–1.1(3) requires the showing of: 1) an attempt to cause or the knowing causation of any bodily injury, 2) to a law enforcement officer, 3) while the officer is engaged in the performance of his duties. *See State v. Corle,* 294 N.W.2d 799 (S.D.1980).

343 N.W.2d at 386. The only knowledge requirement in this court's interpretation of the elements of SDCL 22–18–1.1(3) is the defendant's knowledge that any bodily injury to another may result from his or her actions. *State v. Feyereisen, supra; State v. Cook, supra.*[*]

We note, however, that Fender's knowledge of Stainbrook's status is not really at issue in this case. Stainbrook visited the Fender residence and confronted Fender in his official capacity as the Tyndall Police

---

[*] *But see* concurrence in result of Morgan, J., 343 N.W.2d at 387. I recognize that *Cook, supra* and *Feyereisen, supra,* are controlling authority in this case. But it is noteworthy that in both of those cases, as well as in this case, the officers were known to their assailant. If the officer were a plainclothed policeman, or an undercover officer, and he were to get into an altercation without having properly identified himself, I could not hold his adversary to be guilty of the offense of aggravated assault under the statute, absent a showing of knowledge on the part of the adversary that he was in an altercation with a police officer. I hold to my views expressed in my writing in *Feyereisen,* supra.

Chief only twelve hours before the altercation for which Fender was charged. In addition, Stainbrook was in uniform when Fender attacked him. There is absolutely no doubt that Fender knew Stainbrook was a law enforcement officer.

In most of the cases involving SDCL 22–18–1.1(3), the assailant's knowledge of the victim's status can be easily shown by establishing the parties' knowledge of and relationship to the community or by accurately setting out the circumstances underlying the altercation. The statute's effectiveness and purpose would not be jeopardized if the rule set out in *State v. Cook, supra,* was modified to read:

> Aggravated assault under SDCL 22–18–1.1(3) requires the showing of an attempt to cause or the knowing causation: 1) of any bodily injury, 2) to a law enforcement officer, 3) while the officer is engaged in the performance of his duties.

*Feyereisen,* 343 N.W.2d at 388 (Morgan, J., concurring in result). This modification would compel the State to produce some specific evidence that the assailant knew of the victim's status and juries and trial courts would be compelled to specifically find such knowledge. Future frivolous appeals on this issue would thus be precluded.

The third issue on this appeal is whether the trial court abused its discretion and committed prejudicial error when it allowed the State to introduce evidence that Fender had struck and beat his wife. The trial court denied Fender's motion to restrict testimony concerning Fender's prior conduct toward his wife. The trial judge ruled that the evidence was foundational and tended to show Fender's state and frame of mind in relation to the aggravated assault charge. The trial judge also felt the evidence of prior conduct went to the weight of the testimony and the credibility of the prosecution witnesses.

■ We note first that Fender may not complain of testimony referring to prior acts that was elicited by defense counsel during cross-examination. *State v. Smith,* 325 N.W.2d 304 (S.D.1982). During the trial, the State elicited testimony from Fender's wife and from Stainbrook which showed that Fender had abused his wife. SDCL 19–12–5 (Rule 404(b)) governs the admissibility of a defendant's other crimes, wrongs or acts. The statute reads:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The statute clearly states that prior conduct "may ... be admissible for other purposes," the purposes listed are only examples of the "other purposes" for which such evidence may be admitted. The listed "other purposes" are not a limitation on acceptable "other purposes" for the admissibility of "other crimes, wrongs or acts."

■ This court's standard of review on appeal of a trial court's admission of evidence of prior conduct or other crimes is whether the trial court abused its discretion in admitting the evidence. *State v. Rose,* 324 N.W.2d 894 (S.D.1982).

■ The trial court correctly ruled that the evidence regarding Fender's spousal abuse was not relevant to the disorderly conduct and escape charges and limited consideration of this evidence to the aggravated assault charge. The trial court ruled that the evidence of Fender's prior conduct was necessary in order to provide the jury with foundation and background regarding the altercation and to show Fender's state and frame of mind. In reviewing the admission of "other crimes, wrongs or acts," this court may not substitute its reasoning for the trial court's. *Rose, supra.* The question is not whether the justices of this court would have made the same ruling, but rather, whether we believe a judicial mind, in view of the law, the circumstances and other evidence presented in the case could reasonably have reached the trial court's conclusion.

*See Rose, supra.* Admission of Fender's prior conduct under the law and the circumstances of this case was a reasonable exercise of the trial court's discretion. We also note that when evidence admitted at trial is cumulative only and other admissible evidence supports conviction, the cumulative evidence though inadmissible is not prejudicial. *Matter of N.J.W.*, 273 N.W.2d 134 (S.D.1978). This evidence goes only to whether or not Fender attempted to cause or caused *any* bodily injury to Stainbrook. Fender admitted he closed the car door on Stainbrook's legs and may have attacked Stainbrook with his fists; he admitted that he could not remember what happened. It is obvious to this court, in light of Fender's admissions and other evidence presented, that the evidence of his prior conduct did not contribute to the jury's verdict. *See Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

We affirm the trial court's admission of Fender's prior acts into evidence.

■ The fourth question Fender raises on this appeal is whether the trial court committed prejudicial error when it refused Fender's proposed jury instruction on the evidence the jury could properly consider. Fender's proposed instruction read:

> In this case the Defendant has been charged with the offenses of Disorderly Conduct, Aggravated Assault, and Escape, and for no other offense or offenses. Any testimony heard by this jury which does not relate to the elements of the offenses charged, which elements have been heretofore defined in these instructions, must be disregarded by this jury and your verdict must be based on the testimony related to the elements of the offenses charged.

Fender proposed the instruction in order to prevent the jury from considering evidence that he abused his wife in its determination of his guilt or innocence on the offenses charged. SDCL 23A–25–3 provides:

> In charging jurors, a court must state to them all matters of law which it deems necessary for their information in giving their verdict . . . .

The trial court believed the evidence of Fender's conduct on the day of the crime established the background for his assault on Stainbrook and demonstrated his state and frame of mind. Under SDCL 19–12–5 and SDCL 19–12–3, the evidence was admissible for this purpose. Fender's proposed instruction would have required the jury to disregard the evidence of his prior conduct even for this legitimate purpose.

■ While the trial court might have properly included an instruction to the jury that consideration of the prior conduct evidence be limited to the use the trial judge outlined, jury instructions must be considered as a whole and the burden is on appellant to show prejudicial error. *Lytle v. Morgan*, 270 N.W.2d 359 (S.D.1978). The trial court's instructions taken as a whole, including its ruling admitting this evidence, provided a full and correct statement of the applicable law and there is no prejudicial error because a particular instruction did not embody all of the relevant applicable law. *Id.; Dwyer v. Christensen*, 77 S.D. 381, 92 N.W.2d 199 (1958).

Fender's proposed instruction was not a proper limiting instruction. He had the opportunity to proffer an appropriate instruction and failed to do so. Fender has no right to complain about the absence of a limiting instruction at this point. No prejudice has been shown in relation to this issue. As in our discussion of issue three, Fender's admission, the other evidence, and the circumstances of this case warranted a conviction without the disputed evidence.

■ Error may not be presumed on appeal. *Lytle, supra; Dwyer, supra.* Appellant must affirmatively show prejudicial error. *Id.* A showing of prejudicial error requires a showing from the record that under the evidence the jury might and probably would have returned a different verdict if the alleged error had not occurred. *Lytle, supra; Dwyer, supra.* The jury's consideration of this evidence was not prejudicial error. Fender's admissions, the trial testimony, and other circumstances warrant conviction in the absence of

evidence regarding Fender's mistreatment of his wife.

■ Fender's final issue on this appeal asserts that the trial court improperly instructed the jury on the appellant's theory of self-defense. The trial court presented the South Dakota Pattern Jury Instructions on Self Defense, 2–14–9 and 2–14–9a. These instructions accurately state the law on the issue of self-defense. The instruction states:

The right of self-defense exists only as against an unlawful attack. The right does not exist, even though bodily injury appears probable, against a person who is acting lawfully.

Fender asserts that Stainbrook was not within the law at the time of the alleged offense, and that he was defending himself from probable bodily injury. The argument is frivolous. Fender admitted he attacked Stainbrook after the original altercation ended. There is no doubt that even if Stainbrook initiated the struggle, Fender was in no danger when he attacked Stainbrook while the police chief was seated in his squad car. The jury determined that Stainbrook was acting lawfully and that decision is supported by the evidence.

We affirm the conviction.

FOSHEIM, C.J., WOLLMAN, J., and DUNN, Retired Justice, concur.

HENDERSON, J., concurs in result.

WUEST, Circuit Judge, acting as Supreme Court Justice, not participating.

WOLLMAN, Justice (concurring).

I join fully in the majority opinion and in the author's footnote.

HENDERSON, Justice (concurring in result).

Due to the dissertation on aggravated assault and particularly the footnote thereon contained in the majority opinion, I am forced to concur in the result of this opinion and not vote a straight concurrence. How can I place my imprimatur on the author's dissertation, particularly the footnote, when it is an obvious attempt to undermine, again, the holding by this Court in *State v. Feyereisen*, 343 N.W.2d 384 (S.D.1984), *State v. Cook*, 319 N.W.2d 809, 811 (S.D.1982), and *State v. Corle*, 294 N.W.2d 799 (S.D.1980)?

In *Feyereisen*, 343 N.W.2d at 386, we stated:

In light of the state statute and our prior holding, we are unwilling to read an additional knowledge requirement into SDCL 22–18–1.1(3). The legislature did not intend to include knowledge of the victim's identity as an element of the offense. And this Court cannot and should not amend a statute to avoid or produce a particular result. *See State v. Esmay*, 72 S.D. 270, 33 N.W.2d 280 (1948).